DEPTULA v CITY OF DEARBORN HEIGHTS

1. MUNICIPAL CORPORATIONS—DISCHARGE OF EMPLOYEE—COLLECTIVE BARGAINING AGREEMENT—ARBITRATION.

A trial court's order that a defendant city and its mayor proceed to arbitration of a dispute regarding a plaintiff employee's discharge from employment in a case in which the defendants were a party will bind the defendants where the court disposed of the case on the basis of a collective bargaining agreement that covered the city and its employees.

2. MUNICIPAL CORPORATIONS—COLLECTIVE BARGAINING AGREEMENT— PRE-ARBITRATION PROCEDURES.

A city employee cannot be compelled to comply with pre-arbitration procedures as provided in his contract with his employer where the employee's complaint is against an action taken by the mayor of the city, because the mayor is the person to whom the employee would ultimately have to appeal in the course of the pre-arbitration proceedings; requiring the employee to follow through with such proceedings would be futile and a waste of time and money.

3. CONTRACTS—COLLECTIVE BARGAINING AGREEMENT—ARBITRATION— TIME LIMITATION.

A reasonable time will be read into a collective bargaining agreement that provides for arbitration but does not specify a time limit in which arbitration must be sought.

Appeal from Wayne, John C. Morris, J. Submitted Division 1 May 14, 1973, at Detroit. (Docket No. 15262.) Decided August 30, 1973. Leave to appeal denied, 391 Mich —.

Complaint by Richard Deptula against the City of Dearborn Heights and its mayor, John L. Canfield, for an order for specific performance requiring defendants to submit to arbitration pursuant

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur 2d, Arbitration and Award §§ 68, 69.

to a collective bargaining agreement. Order granted. Defendants appeal. Affirmed.

*Marvin Blake,* for plaintiff.

*Duane Dunick,* Corporation Counsel, and *Theodore Monolidis,* Assistant Corporation Counsel, for defendants.

Before: R. B. BURNS, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

PER CURIAM. Defendants appeal from an order of the Wayne County Circuit Court compelling them to proceed to arbitration of a dispute regarding plaintiff's discharge from employment with defendant city. The city challenges the determination of the trial judge on three grounds.

The defendants' first argument, that they are not bound in any fashion by an order of the circuit court in a prior case to which they were not a party, is quite correct; they should not be bound thereby. Unfortunately, that prior decision was totally irrelevant to the disposition of the case at hand. The trial court disposed of the present case on the basis of the collective bargaining agreement; defendants are certainly bound thereby.

Defendants' remaining arguments are that plaintiff did not timely or exhaustively pursue his pre-arbitration remedies. These arguments are both devoid of merit. The plaintiff cannot, on these facts, be compelled to comply with the pre-arbitration procedures. Plaintiff's complaint is against an action taken by the mayor of the City of Dearborn Heights; the mayor of the City of Dearborn Heights is the person to whom plaintiff would

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ultimately have to appeal in the course of pre-arbitration proceedings. As the trial judge concluded, requiring the plaintiff to follow through with such proceedings "would be futile, and a waste of everyone's time and money". Also, since the collective bargaining agreement does not specify a time limit in which arbitration must be sought, a reasonable time will be read into the agreement. We find no error in the trial court's holding that, under all the facts of the case, the plaintiff did proceed within a reasonable time.

Affirmed.